By the Court.
In May, 1906, L. L. Walker died owning 240 acres of land in Crawford county. His widow, three children and one grandchild survived him and were his only heirs at law. Elizabeth J. Sears is one of the children. During the same month a paper purporting to be his last will and testament was duly admitted to probate by the probate court of that county. By this will he devised to his widow all his property, real and personal, among which was a farm of 240 acres. The widow duly elected to take under the will and in November, 1907, sold to the defendant in error 40 acres of the land. In December following the plaintiff in error, as one of the heirs at *164 law of the deceased, began an action in the common pleas court of the county against the widow and other heirs at law to contest said purported last will of her father. In the month of May following an issue was made up and tried by a jury, which found that the paper writing was not the last will of Mr. Walker and judgment was entered on that verdict. The defendant in error, although he had become the owner of the 40 acres referred to prior to the commencement of the suit to contest the will, was not made a party to that case.
Subsequently the defendant in error filed his petition in the common pleas court in the'case referred to. In this petition he sets up the facts above stated and that since he purchased the 40 acres referred to he has been in possession thereof. He alleged that the judgment setting aside the will was obtained irregularly and by fraud, averring substantially that the widow and other heirs colluded in the proceeding to set aside the will; that the widow refused to offer any testimony in support of its validity and consented that it should be set aside, although there was ample evidence by which it could have been shown on the trial that the paper was the valid last will of the deceased; that in suffering the will to be set aside by default the widow was guilty of fraud against him; that he was the owner of the 40 acres of land and “has a right to be heard and offer evidence to maintain said will and that the setting aside of said will in the manner above set forth was a fraud upon the rights of this complainant.”
The petitioner further alleged that the plaintiff in error claimed to be a part owner of the 40 acres *165 of land purchased by him from the widow by virtue of said will having been set aside and had brought suit against him to recover the rents and profits of said land from the time he went in posr session. Other facts were averred in this peti-r tion, showing that a partition proceeding had been brought by the plaintiff in error in this case, praying for partition of the premises of which Mr. Walker died seized, including the 40 acres conveyed to the petitioner; that the court of common pleas denied partition; that on appeal the circuit court also denied partition and found that the grandson, a certain mortgagee and the petitioner, were, at the time of the commencement of the action to contest the validity of the will, necessary parties to that action; that in a proceeding in error in this court, a judgment was entered, and after-wards on- the petition of the defendant in error here, which showed substantially the facts that have been hereinbefore set out, this court modified its previous judgment and remanded the case for further proceedings according to law.
The petitioner prayed that all persons should be duly served with summons and that the court open up, vacate and set aside the judgment setting aside said will and that an issue be made up whether or not said paper writing is the valid last will and testament of said Walker. To this petition a demurrer was interposed by Elizabeth J. Sears, which was sustained by the commmon pleas court and final judgment entered. On proceedings in error the court of appeals reversed this judgment, and this proceeding is brought here to reverse the judg *166 ment of the court of appeals and affirm that of the common pleas.
Stinehelfer was a necessary party to the proceeding to contest the will. Section 12080, General Code, provides “All the devisees, legatees, and heirs of the testator, and other interested persons, including the executor or administrator, must be made parties to the action.”
In Bloor v. Platt, 78 Ohio St., 46, it is held that a judgment creditor of an heir, who has obtained a lien by levy on property, which in the absence of a will would be the property of the debtor heir by descent, is a person interested in a will or codicil, within the meaning of - Section 5858, Revised Statutes, and therefore has legal capacity td prosecute an action to contest the validity of an alleged will disposing of such property to a person other than such heir. The court say: “Construing all these enactments together it seems clear to us that the expressions, ‘any person interested/ ‘a person interested in a will or codicil’ and ‘other interested persons’ are equivalent and may include persons other than the devisees, legatees, heirs, executors and administrators of the testator.”
A fortiori Stinehelfer, who had acquired his 40 acres by direct conveyance from the sole devisee and was in possession of it prior to the beginning of the suit to contest the will, was a necessary party. From the judgment of this court in the partition suit referred to, Sears v. Walker, 85 Ohio St., 490, the court must have concluded that the judgment setting aside the last will and testa *167 ment of Walker was not binding in so far as it affected the rights and interests of Stinehelfer and the other parties interested in said estate who were not parties to the proceeding to set aside the will but Was and is binding on the parties to that suit. Inasmuch as Stinehelfer has never had his day in court and never had an opportunity to defend his rights under the will to which he was entitled, the common pleas court erred in denying him that privilege in the case brought to set aside the will.
If Stinehelfer is able to make it appear that the paper was the valid last will of the decedent, he is entitled to the opportunity of doing so.

Judgment of the court of appeals will be affirmed.

Nichols, C. J., Shaucic, Johnson, Donahue, Wanamaker, Newman and Wilkin, JJ., concur.